UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

REPORT AND RECOMMENDATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Integrated Molding Concepts,
Inc., a Minnesota corporation,

                    Plaintiff,

    vs.

Stopol Auctions L.L.C., an
Ohio limited liability company;
Stopol, Inc., an Ohio corporation
and Does I through IV and Moes
I through IV,

                    Defendants.        Civ. No. 06-5015 (PJS/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I. Introduction

This matter came before the undersigned United States Magistrate Judge

pursuant to a special assignment, made in accordance with the provisions of Title 28

U.S.C. §636(b)(1)(B), upon the Motion of the Defendants Stopol Auctions LLC

("Stopol Auctions"), and Stopol, Inc. ("Stopol")(collectively, "the Stopol

Defendants"), to Dismiss, or alternatively, to Transfer this action to the United States

District Court for the Northern District of Ohio, Eastern Division.[1]  A Hearing on the Motion was conducted on May 8, 2007, at which time, the Plaintiff Integrated Molding Concepts, Inc. ("Integrated"), appeared by William A. Erhart, Esq.; and the Stopol Defendants appeared by William L. Davidson, Esq.

---

[1]Although, in their Motion, the Stopol Defendants do not expressly cite to Title 28 U.S.C. §1404(a) or, for that matter, specifically include an alternative request to transfer, see, <u>Docket No. 38</u>, they repeatedly assert their alternative request to transfer throughout their responsive briefing, and accordingly, we construe their Motion as including a request to Transfer Venue, as an alternative to an outright dismissal of the Plaintiff's Amended Complaint.  See, e.g., <u>Memorandum in Support of Stopol Defendants' Motion to Dismiss Amended Complaint, Docket No. 40</u>, at p. 4 ("Therefore, this Court should dismiss this case for improper venue" or, "[i]n the alternative, this Court should transfer this case to the United States District Court for the Northern District of Ohio, Eastern Division, Cleveland courthouse, which is situated in Cuyahoga County, Ohio.").

The Stopol Defendants do cite to Section 1404(a) in their Reply Brief, see, <u>Docket No. 56</u>, at p. 6, and even if they had not, we would find the provisions of Title 28 U.S.C. §1406(a), which also address dismissals, and transfers, owing to "improper venue," to be inapplicable for reasons detailed in <u>Steward v. Up North Plastics, Inc.</u>, 177 F. Supp.2d 953, 957-59 (D. Minn. 2001); see also, <u>Stewart Organization, Inc. v. Ricoh</u>, 487 U.S. 22, 28 n. 8 (1988)(Section 1404(a) is the proper vehicle to analyze a transfer of venue predicated on a forum selection clause); <u>EcoWater Systems, LLC v. Hague Quality Water Intern.</u>, 2007 WL 1725761 (D. Minn., June 13, 2007)(same); <u>Building Const. Enterprises, Inc. v. Gary Meadows Const. Co., Inc.</u>, 2007 WL 1041003 at *3 (E.D. Ark., April 4, 2007)(same).  Accordingly, our analysis necessarily focuses on Section 1404(a).

For reasons which follow, we recommend that the Stopol Defendants' Motion to Transfer be granted, and that this action be transferred to the United States District Court for the Northern District of Ohio, Eastern Division.

## II.  Factual and Procedural Background

In this action, Integrated, which is a Minnesota corporation involved in the injection molding business, alleges that it contracted with the Stopol Defendants for the purchase and delivery of a certain injection molding machine ("the Larger Unit"). See, Amended Complaint, at ¶IX.  The Stopol Defendants are allegedly related Ohio business entities, which have the same Chief Executive Officer, and which conduct business out of at least one common location.  Id. at ¶IV.  Stopol Auctions advertises and promotes auctions of manufacturing equipment to the general public, although its exact relationship to Stopol is unclear from Integrated's Amended Complaint.

Integrated alleges that it reached an agreement with Stopol Auctions, which provided for the pre-auction purchase, and delivery, of the Larger Unit at a predetermined price.  The Stopol Defendants allegedly transmitted a written proposal, which Integrated signed, and accepted, by wiring the agreed purchase price to the Stopol Defendants.  Id. at ¶VIII-IX; Exh B.  The signed contract included a forum selection clause, which provides, in pertinent part, as follows:

> The parties agree that any legal action concerning, relating to, or involving this agreement, or the Equipment **must** be venued in Cuyahoga County, Ohio and the parties hereby consent to and submit to the personal jurisdiction and the exclusive subject matter jurisdiction of the courts of such County.

Id.; Exh. B [emphasis added].

A second device was purchased by Integrated, via an auction conducted by the Stopol Defendants.   See, Amended Complaint, at ¶XII.   Integrated alleges that, "[d]ue to negligent, reckless, and/or intentional conduct, [the Stopol Defendants] sold the larger unit to a third party, Vincent Industrial Plastics, Inc., a Kentucky corporation, (hereinafter 'Vincent')."  Id. at ¶XV.  Integrated further alleges that it was provided with "an inferior unit [that Stopol] pawn[ed] off as the purchased machine."  Id. at ¶XVI.  Integrated asserts that Vincent is currently in possession of the Larger Unit, and that it  has refused to deliver that Unit to Integrated.  Id. at ¶XVIII.

Integrated commenced this action in Minnesota State Court, where it was subsequently removed to this Court by the Stopol Defendants.   See, Original Complaint, Docket No. 1.  Integrated's initial Complaint also named Vincent, as well as Cornerstone Products, Inc. ("Cornerstone"), which is an Oklahoma corporation, as co-Defendants.   Id.   The original pleading asserted claims for: 1) breach of

purchase contract; 2) breach of delivery contract; 3) negligence; 4) conversion; 5) equitable relief; and 6) quantum meruit and unjust enrichment.  See, <u>Docket No. 1</u>.

On January 19, 2007, the Stopol Defendants filed a Motion to Dismiss all of Integrated's causes of action, save for the breach of contract claims, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.  See, <u>Docket No. 16</u>.  The Motion was referred to us, and a Hearing was scheduled for March 27, 2007.  See, <u>Docket No. 25</u>. On February 7 and 16, 2007, the District Court granted the respective stipulated dismissals of Cornerstone, and Vincent, from this action, without prejudice.  See, <u>Docket Nos. 28 and 31</u>.

On March 6, 2007, Integrated filed an Amended Complaint, which named only the Stopol Defendants, and added a seventh claim for Fraud and Misrepresentation. See, <u>Docket No. 32</u>.  Integrated's fraud claim alleges that it "relied upon the representation of [the Stopol Defendants] that they had authority to sell the larger unit and that they would properly rig and transport the unit to [Integrated's] manufacturing facility," and that the Stopol Defendants delivered an inferior machine and "cover[ed] up [their] wrongdoing [by making] false claims that Cornerstone mis-marked the sold unit or that [Integrated] or others are responsible for the delivery of the wrong unit." <u>Amended Complaint</u>, at pp. 9-10.  Integrated also alleges that the Stopol Defendants

- 5 -

"secreted the fact as to who the true owners of the larger unit are," which has led to "substantial damages."   Id. at p. 10. In the Amended Complaint, Integrated seeks greater than $50,000.00 in damages, as well as the delivery of the Larger Unit.

On March 14, 2007, the Stopol Defendants withdrew their original Motion to Dismiss the Complaint, and argued that Integrated's amended pleading rendered the dismissal of the original Complaint, under Rule 12(b)(6), Federal Rules of Civil Procedure, moot.  See, Docket No. 37.

In their second Motion to Dismiss, the Stopol Defendants now, for the first time, allege that venue is improper, and they seek dismissal pursuant to Rule 12(b)(3), Federal Rules of Civil Procedure, because, they allege, the operative forum selection clause, which is contained in their agreement with Integrated, provides that Ohio is the exclusive venue for any such causes of action.  In addition, the Stopol Defendants assert that Integrated has failed to name a required party -- namely, Vincent -- since the Stopol Defendants represent that they no longer possess the Larger Unit.  The Stopol Defendants further argue that Integrated's Amended Complaint fails to plead fraud with the requisite specificity, and they seek dismissal pursuant to Rules 9(a), and 19(a), Federal Rules of Civil Procedure.  Lastly, they renew their Rule 12(b)(6) Motion, as

to all claims asserted against the Stopol Defendants, save for the initial breach of purchase contract claim.

### III.  Discussion

As a threshold matter, we note that the Stopol Defendants have already filed one responsive Motion -- namely a Motion to Dismiss, brought pursuant to Rule 12(b)(6) -- prior to bringing the current Motion to Dismiss.  See, Docket No. 16.  In their prior Motion, they failed to assert, or reference, the forum selection clause in their agreement with Integrated, or that venue in this District is assertedly improper.  See, Docket Nos. 16 and 17.  Integrated underscores that the "Defendants' request for dismissal is improper and [they have] not properly requested a change of venue," since their previously filed Motion to Dismiss did not contain such a request.  See, Integrated's Memorandum in Opposition, Docket No. 48, at p. 10.

As recognized in Wright & Miller, 5C Federal Practice & Procedure §1388, (3d. Ed.):

> The filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to the amendment of the pleading; conversely, a Rule 12 defense that becomes available because of new matter in the amended complaint may be asserted by motion. This principle is well stated in the early federal rule case of Keefe v. Derounian:

> Clearly, of course, if the amendment to the complaint contains new matter which, had it originally been in the complaint, would have allowed the defendant to object by motion, the defendant's right to object by motion to the complaint as amended cannot have been waived by any prior motion. In the present case, however, the amendment merely corrected an insufficient allegation of diversity jurisdiction. It does not revive the defendant's right to challenge the sufficiency of the complaint, which motion made to the original complaint had already been denied, and should likewise not revive his right to object to the service of process, which is an objection that existed at the beginning of the case and should have been raised then.

Id. [footnotes omitted], quoting Keefe v. Derounian, 6 F.R.D. 11,13 (N.D. Ill. 1946).

Here, we find that the Stopol Defendants did not assert the forum selection clause as a rationale for dismissal for improper venue, pursuant to Rule 12(b)(3), and accordingly, that they have waived this argument for dismissal, as it was not presented in their initial Motion to Dismiss, and the substantive allegations of Integrated's initial Complaint, which were unaltered by the subsequent amended pleading, could have been addressed at that time.[2]

---

[2]Of course, we accept that, as a practical matter, the presence of the two original co-Defendants, who were named in the initial Complaint, who allegedly resided in

(continued...)

Accordingly, we recommend that an outright dismissal of the Plaintiff's Amended Complaint, on the ground of improper venue, pursuant to Rule 12(b)(3), Federal Rules of Civil Procedure, be denied.  See, Steward v. Up North Plastics, 177 F. Supp. 2d 953, 958 (D. Minn. 2001)(finding a waiver of objection to venue as "[the] defendants failed to raise any objection to venue in their first responsive pleading, as required under the rules").

However, "a party's failure to timely object to venue does not preclude a motion to transfer under §1404."  Id. at 959; see also, Red Wing Shoe Co., Inc. v. B-JAYS USA, Inc., 2002 WL 1398538 at *2 (D. Minn, June 26, 2002).  Accordingly, we proceed to the Stopol Defendants' alternative request that this action be transferred

-------

[2](...continued)
Oklahoma and Kentucky, and who may or may not have been subject to the same forum selection clause, could well have precluded Ohio from serving as a proper venue for this action.  Since that aspect of the Stopol Defendants' Motion was not fully developed, we do not engage in such speculation for, as but one reason, we cannot foreclose the possibility that the referenced co-Defendants had contracts with the Stopol Defendants which incorporated the same forum selection provision.  In any event, we do not require a further development of that aspect of the Record as we find that a transfer of venue is far preferable to an outright dismissal, even if we were considering the question under Section 1406(a), and most particularly, under Section 1404(a).  See, e.g., Title 28 U.S.C. §1406(a)(The District Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district * * * in which it cold have been brought.").

to the Northern District of Ohio, as contemplated by the forum selection clause in the parties' agreement. See, <u>Defendants' Memorandum in Support of Motion to Dismiss</u>, <u>Docket No. 40</u>, at pp. 4, 17 ("In the alternative, this Court should transfer this case"); <u>Defendants' Reply Brief</u>, <u>Docket No. 56</u>, at p. 6 ("In the alternative, the Court should transfer this case to the U.S. District Court for the Northern District of Ohio, Eastern Division, which is situated in Cuyahoga County, Ohio"), citing <u>Title 28 U.S.C. §1404(a)</u>.

     A.    <u>Standard of Review</u>.  Congress designed Title 28 U.S.C. §1404(a) "as a 'federal housekeeping measure,' allowing for easy change of venue within a unified federal system." <u>Piper Aircraft Co. v. Reyno</u>, 454 U.S. 235, 254 (1981), quoting <u>Van Dusen v. Barrack</u>, 376 U.S. 612, 635 (1964). Section 1404(a) provides that, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." <u>Title 28 U.S.C. §1404(a)</u>. Our Court of Appeals has enunciated a well-settled analytical framework for addressing transfer of venue questions, under Section 1404(a), as follows:

> The statutory language reveals three general categories that courts must consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice.

Terra Int'l, Inc. v. Mississippi Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997), cert. denied 522 U.S. 1029 (1997), citing Title 28 U.S.C. §1404(a).

However, the Court "is not limited to only those considerations," but rather, "transfer determinations require a 'case-by-case evaluation of the particular circumstances at hand.'"  Same Day Surgery Centers, LLC v. Montana Regional Orthopedics, LLC, 2003 WL 79040 at *3 (D. Minn., January 6, 2003), quoting Terra Int'l Inc. v. Mississippi Chem. Corp., supra at 691; see also, Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3rd Cir. 1995).

"As expressed in the context of the doctrine of forum non conveniens, which was a precursor to Section 1404(a), the Supreme Court enunciated a general, nonexclusive list of private and public interests, which might assist the Courts in evaluating an effort to transfer venue."  Durabla Manufacturing Co. v. Continental Casualty Co., 1998 WL 957250 at *2 (D. Minn., October 26, 1998), citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947).   The Gilbert Court identified the private interests that should influence the selection of venue, as follows:

> [R]elative ease of access to the sources of proof; availability of compulsory process for attendance of

> unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of the premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

Gulf Oil Corp. v. Gilbert, supra at 508.

The Court then characterized some of the significant public interests in the following terms:

> Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin.  Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation.  In cases which touch the affairs of many persons, there is reason for holding the trial in view and reach rather than remote parts of the country where they can learn of it by report only.

Id.

In deciding a Motion for a transfer of venue under Section 1404(a), the moving party "bears a 'heavy burden' of showing that 'the balance of factors **strongly** favors'" a transfer.  Radisson Hotels Int'l, Inc. v. Westin Hotel Co., 931 F. Supp. 638, 641 (D. Minn. 1996), quoting United States Mortgage Corp. v. Plaza Mortgage Corp., 853 F. Supp. 311, 315 (D. Minn. 1994)[emphasis in original].

Generally, "federal courts give considerable weight to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the

- 12 -

burden of proving that a transfer is warranted." Imation Corp. v. Quantum Corp., 2002 WL 385550, at *6 (D. Minn., March 8, 2002), quoting Terra Int'l Inc. v. Mississippi Chem. Corp., supra at 695; see also, Brockman v. Sun Valley Resorts, Inc., 923 F. Supp. 1176, 1179 (D. Minn. 1996)(Court is "to defer to the Plaintiffs' choice of [forum] unless factors outlined in Gilbert strongly weigh in favor of transfer"); United Mortgage Corp. v. Plaza Mortgage Corp., supra at 315 ("There is a presumption in favor of the plaintiff's choice of forum."); but cf., Medtronic, Inc. v. American Optical Corp., 337 F. Supp. 490, 497 (D. Minn. 1971)("[A] plaintiff's choice of forum is no longer entitled to the great weight given it under the doctrine of forum non conveniens."). "A motion to transfer venue should be granted only where the defendant makes a clear showing that the action should be transferred, and it must be denied if the effect is merely to shift the inconvenience from one party to another." Same Day Surgery Centers, LLC v. Montana Regional Orthopedics, LLC, supra at *3.

Notably, "a valid and applicable forum selection clause in a contract is 'a significant factor that figures centrally in the district court's calculus.'" Terra Intern., Inc. v. Mississippi Chemical Corp., supra at 691, quoting Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). Forum selection clauses "are prima facie

valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances."  <u>M/S Bremen v. Zapata Off-Shore Co.</u>, 407 U.S. 1, 10 (1972); see, <u>Servewell Plumbing, LLC v. Federal Ins. Co.</u>, 439 F.3d 786, 789 (8th Cir. 2006); <u>M.B. Restaurants, Inc. v. CKE Restaurants, Inc.</u>, 183 F.3d 750, 752 (8th Cir. 1999).  "[A]bsent some compelling and countervailing reason [the forum selection clause] should be honored by the parties and enforced by the courts."  <u>M/S Bremen v. Zapata Off-Shore Co.</u>, supra at 12; see also, <u>Carnival Cruise Lines, Inc. v. Shute</u>, 499 U.S. 585, 593-94 (1991)("Additionally, a clause establishing ex ante the forum for dispute resolution has the salutary effect of dispelling any confusion about where suits arising from the contract must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum and conserving judicial resources that otherwise would be devoted to deciding those motions.").

B. <u>Legal Analysis</u>.  In the usual course, we begin with a presumption that, all other things being equal, an action should remain in the District in which it was first venued.  However, where a forum selection clause is "the fruit of an arm's-length negotiation, the party challenging the clause bears an especially 'heavy burden of

proof" to avoid its bargain." Servewell Plumbing, LLC v. Federal Ins. Co., supra at

789, citing M/S Bremen v. Zapata Off-Shore Co., supra at 17.

     1.    Validity and Applicability of the Forum Selection Clause.

     Here, we note that Integrated does not dispute that it entered a valid

contract with the Stopol Defendants, or that the forum selection clause, which is

included in that contract, would be otherwise inapplicable.[3] Its sole basis for arguing

that the clause is inoperative is that "[t]his contract is challenged as being fraudulent

based upon the numerous misrepresentations made within the document itself and

what appears to be unscrupulous conduct of Defendants." See, Plaintiff's

Memorandum, at p. 11. However, the general allegations, which the Stopol

Defendants challenge as insufficiently pled under to Rule 9, Federal Rules of Civil

---

[3]At the Hearing, Integrated argued that the delivery of the Larger Unit, which it challenges, arises from a different agreement than that which it entered for the purchase of the Larger Unit -- that is, the one that included the operative forum selection clause. However, given the broad and mandatory language of the forum selection clause, which provides that "**any** legal action concerning, relating to, or involving this agreement or the [Larger Unit] must be venued in Cuyahoga County, Ohio," Amended Complaint, Docket No. 32-3, Exh. B [emphasis added], we find no compelling reason, and Integrated has cited no pertinent authority, which would compel this action to be bifurcated, such that the causes of action should be parsed between the two (2) separate venues, or which would oppose the wholesale transfer of this action to the Northern District of Ohio.

Procedure, assert that the Stopol Defendants presented themselves with authority to sell the Larger Unit, and made "false claims" that others mis-marked the machine. Notably, no claim of fraud in inducing the forum selection clause appears anywhere in Integrated's pleadings, or in its argument against transfer.

Integrated argues, without citing any applicable case law or authority, that its claim of fraud renders the forum selection clause unenforceable. We acknowledge some authority has concluded that general claims of fraud could render a forum selection clause inapplicable, for our Court of Appeals affirmed the refusal of a District Court to enforce a forum selection clause, when the contract was "tainted by fraud," and noted that, "[t]o hold otherwise would be grossly unfair * * * because it would force [the plaintiff] to comply with an agreement which never would have been made had the existence of the fraud been known." See, Farmland Industries, Inc. v. Frazier-Parrott Commodities, Inc., 806 F.2d 848, 852 (8th Cir. 1986), abrogated on other grounds, Lauro Lines S.R.L. v. Chasser, 490 U.S. 495 (1989); see also, Root v. GERS, Inc., 2002 WL 809539 at *4 (D. Neb., April 3, 2002)(forum selection clause not enforceable when plaintiff pleaded credible allegations of fraud on the contract).

However, as argued by the Stopol Defendants, our Court of Appeals, in Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P., 254 F.3d 753, 757 (8th Cir. 2001),

found that general allegations of fraud, which do not expressly address fraud in the

inducement of the forum selection clause, do not prohibit the operation of that clause.

Id.  In Marano, our Court of Appeals explained, in pertinent part, as follows:

> First, Marano contends that the claim of fraud raised in its
> lawsuit encompasses a claim that it was induced by fraud to
> agree to the forum-selection clauses. A "forum-selection
> clause in a contract is not enforceable if the **inclusion of
> that clause in the contract** was the product of fraud or
> coercion." Scherk v. Alberto-Culver Co., 417 U.S. 506,
> 519 n. 14, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974). Marano's
> complaint does not even remotely suggest that the clauses
> were inserted into the agreements as the result of fraud, and
> the brief on appeal offers no specifics concerning what the
> fraud might have been or how it was perpetrated. The
> general allegation by Marano that it was induced by fraud to
> enter into the franchise and development agreements is
> insufficient to raise an issue that the forum-selection clauses
> within those agreements may be unenforceable because of
> fraud, and so Marano's argument must fail.

Id. at 757 [emphasis in original].

Other courts in this District, citing to Marano, have also concluded that general

allegations of fraud, that do not specifically address the forum selection clause, do not

defeat the consideration of the clause in a Section 1404(a) Motion to Transfer.  See,

Lyon Financial Services, Inc. v. Will H. Hall & Son Builders, Inc., 2005 WL 503371

at *3 (D. Minn., March 4, 2005)("As a result, Defendants have failed to show the

inclusion of the forum selection clause was the product of fraud or coercion, and the

clause is presumed valid"); <u>Digital Angel Corporation v. Corporativo SCM, S.A. DE</u> <u>C.V.</u>, 2005 WL 3357084 at *4 (D. Minn., December 9, 2005)("Also, at this point, Defendant's bare allegations of fraud are insufficient to render the forum selection clause unenforceable.").

Accordingly, in view of our Court of Appeals' holding in <u>Marano</u>, and because Integrated has not challenged the forum selection clause, as the specific product of fraud, our analysis shifts to the reasonableness of enforcing the forum selection clause, under the factors enunciated in <u>Terra Int'l, Inc. v. Mississippi Chem. Corp.</u>, supra at 691. In this analysis, we underscore that, where the forum selection clause is "the fruit of an arm's-length negotiation, the party challenging the clause bears an especially 'heavy burden of proof' to avoid its bargain." <u>Servewell Plumbing LLC v. Fed. Ins.</u> <u>Co.</u>, supra at 789, citing <u>M/S Bremen v. Zapata Off-Shore Co.</u>, supra at 17.

2.    <u>The Reasonableness of Ohio as a Forum in this Action</u>.

In general, as long as a forum selection clause is reasonable it will be upheld, even if it was not negotiated. See, <u>Carnival Cruise Lines, Inc. v. Shute</u>, supra at 593; see also, <u>Wells Fargo Financial Leasing, Inc. v. Orlando Magic</u>, 431 F. Supp.2d 955, 961 n. 3 (S.D. Iowa 2006); <u>ELA Medical, Inc. v. Arrythmia Management</u> <u>Associates, Inc.</u>, 2007 WL 892517 at *7-8 (D. Minn., March 21, 2007). Integrated

- 18 -

argues that, even if the forum selection clause were applied to this action, the convenience factors of Section 1404(a) demonstrate that it would be unreasonable to transfer this action to Ohio. In turn, the Stopol Defendants contend that a transfer is proper, if not mandatory.

In considering a Motion to Transfer, the Court must weigh the convenience of the parties, the convenience of the witnesses, the accessibility of records, the location where the conduct complained of occurred, and the applicability of each forum State's substantive law, as well as the interests of justice, and the presence of a forum selection clause. See, Terra Int'l, Inc. v. Mississippi Chem. Corp, supra at 696, citing Stewart Org., Inc. v. Ricoh Corp., supra at 29; Hammann v. 1-800 Ideas.com, Inc., 455 F. Supp.2d 942 (D. Minn. 2006); see also, ELA Medical, Inc. v. Arrythmia Management Associates, Inc., supra at *5.

Moreover, a forum selection clause that is mandatory is given greater weight than a permissive one.  See, Dunne v. Libbra, 330 F.3d 1062, 1064 (8th Cir. 2003) (distinguishing between mandatory and permissive forum selection clauses); see also, Sheets v. Liberty Alliances, LLC, 2004 WL 1765333 at *4 (D. Minn., August 4, 2004)("Here, the forum selection clause sets forth proper venue in New York using mandatory language, namely that a dispute such as this one "shall" be subject to the

exclusive jurisdiction of New York courts," and "[t]herefore, the clause at issue is given greater weight than a permissive clause."), citing <u>Best Buy Co., Inc. v. Onkyo U.S.A. Corp.</u>, 1991 WL 156571 at *2 (D. Minn., August 1, 1991).

Integrated is a Minnesota entity, while the Stopol Defendants are headquartered in Ohio. Undeniably, it would be more convenient for Integrated to litigate its claims in Minnesota but, in view of the fact that it freely entered into the contract containing a mandatory forum selection clause, we find that its convenience is entitled to less weight. See, <u>United Mortgage Corp. v. Plaza Mortgage Corp.</u>, supra at 315. Since Integrated was aware, when it entered into the agreement, that it was agreeing to Ohio as the exclusive forum for any disputes that would arise from the purchase, and delivery of the Larger Unit, this factor does not weigh in its favor. Accordingly, we find that the convenience of all of the parties, when all interests are considered, is a neutral factor.

In assessing the convenience of the witnesses, Courts will also consider the number of non-party witnesses, the preference for live testimony over depositions, and the location of the witnesses. See, <u>Graff v. Qwest Communications Corp.,Graff v. Qwest Communications Corp.</u>, 33 F. Supp.2d 1117, 1121 (D. Minn. 1999). However, in attempting to demonstrate that the convenience of the witnesses would be better

served in a particular forum, generalized allegations, that are bereft of any description of what those witnesses' testimony will be, are insufficient. See, <u>Durabla Manufacturing Co. v. Continental Casualty Co.</u>, supra at *4, citing <u>Systemation, Inc. v. Engel Indus., Inc.</u>, 992 F. Supp. 58, 63 (D. Mass. 1997); <u>Bacik v. Peek</u>, 888 F. Supp. 1405, 1415 (N.D. Ohio 1993); <u>Falconwood Fin. Corp. v. Griffin</u>, 838 F. Supp. 836, 840-41 (S.D.N.Y. 1993); <u>Oxford Transp. Servs., Inc. v. MAB Refrigerated Transp., Inc.</u>, 792 F. Supp. 710, 714 (D. Kan. 1992).

At this point, Integrated has made no specific representations concerning the location of any fact witnesses, or what evidence would be adduced from those witnesses at Trial, that could not as readily be elicited in an Ohio Court. While it is probable that Integrated will elicit the testimony of its employees, who are located in Minnesota, it is equally likely that the Stopol Defendants, who are stationed in Ohio, will to call its employees, who are located in Ohio. However, no party is specific about the number, or the identity of the witnesses, that are likely to be called, if this case proceeds to Trial. Accordingly, we find that this factor to be neutral.

Further, the location of documents is neutral under the circumstances here, as Integrated's documents are primarily located in Minnesota, while the Stopol Defendants' documents are located in Ohio. Furthermore, neither party addresses any

impediment, which would arise from having a District Court located in Minnesota, or Ohio, rule on the applicable substantive law.  Similarly, neither side presents any substantive argument as to how the location of the complained-of conduct impacts upon the analysis.  Given that the negotiations, and arrangements, were made between parties residing in Minnesota and Ohio, at the time the purchase and delivery were arranged, we see no unreasonableness in having the action venued in either Minnesota or Ohio. Accordingly, we find that these factors do not heavily weigh in favor of either party.

The "interests of justice" factor "has been deemed the most important §1404(a) factor," Radisson Hotels Int'l, Inc. v. Westin Hotel Co., supra at 641, and represents a myriad of fact-specific considerations, which implicate judicial economy and the public welfare.  See, Durabla Manufacturing Co. v. Continental Casualty Co., supra at *4.  The potential factors to be considered include:  judicial economy, see, In re Warrick, 70 F.3d 736, 740 (2nd Cir. 1996); the plaintiff's choice of forum, see, Terra Int'l Inc. v. Mississippi Chem. Corp., supra at 695; docket congestion, see, Fannin v. Jones, 229 F.2d 368, 369-70 (6th Cir. 1956), cert. denied, 351 U.S. 938 (1956); the Courts' relative familiarity with the applicable law, see, Van Dusen v. Barrack, supra at 645; and, the desire to avoid multiplicity of related litigation, see, Black & Decker

- 22 -

Corp. v. Amirra, Inc., 909 F. Supp. 633, 639 (W.D. Ark. 1995).  However, neither side addresses how transfer would advance, or impede the interest of justice, other than the general allegations of the Stopol Defendants that the parties should give effect to their agreement, and its forum selection clause.  Accordingly, absent some showing, that the interests of justice are adversely impacted by a transfer to Ohio, we find that Integrated has failed to demonstrate that such a transfer would be unjust, so as to overcome the parties' mutual agreement that the action be tried in Ohio.

As a consequence, because none of the factors which govern a Section 1404(a) transfer, including those that involve the "interests of justice," strongly favors Integrated's argument that transfer to Ohio would be "unreasonable," so as to vitiate the enforcement of the parties' forum selection clause, we recommend that the Stopol Defendants' Motion to Transfer this proceeding to the United States District Court for the Northern District of Ohio, Eastern Division, be granted.[4]

NOW, THEREFORE, It is –

---

[4]Given the recommendation that we make, we decline to address the Stopol Defendants' alternative request that this action, or parts of it, be dismissed, pursuant to Rules 9(b), 12(b)(6) and 19(a), Federal Rules of Civil Procedure.  Those matters can be addressed in the forum of transfer.

RECOMMENDED:

That the Stopol Defendants' Motion to Transfer or Dismiss [Docket No. 38] be granted in part, and that this action be transferred to the United States District Court for the Northern District of Ohio, Eastern Division.

Dated:  July 18, 2007

*s/Raymond L. Erickson*
Raymond L. Erickson
CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than August 3, 2007**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete

transcript of that Hearing by no later than **August 3, 2007**, unless all interested parties

stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the

transcript in order to resolve all of the objections made.